IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES ALFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAMDEN COUNTY POLICE<br>DEPARTMENT, et al.,<br><br>　　　　Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 18-0057 (JBS-KMW)<br><br>**OPINION** |

APPEARANCES:

Charles Alford, Plaintiff Pro Se
#4285526
Camden County Correctional Facility
330 Federal Street
Camden, NJ 08103

**SIMANDLE, District Judge:**

**I.　INTRODUCTION**

　　Before the Court is Plaintiff Charles Alford's ("Plaintiff"), submission of a civil rights complaint. Docket Entry 1. At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915 to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will be dismissed without prejudice.

## II. BACKGROUND

Plaintiff brings this civil rights action against the Camden County Police Department, Officer Brian Razzi, Officer Ramelia Villegas-Diaz, and the City of Camden. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff is a pretrial detainee presently confined at the Camden County Correctional Facility. Complaint ¶ 6. He alleges that on June 27, 2013, Officer Villegas-Diaz arrested him without probable cause. *Id.* He alleges that on October 30, 2013, Officer Razzi charged Plaintiff with possession of a firearm for an unlawful purpose and arrested him without probable cause. *Id.* He further alleges Officer Razzi put his hand down Plaintiff's pants and touched Plaintiff's penis after Plaintiff had been handcuffed. *Id.*

In an amendment to the complaint, Plaintiff alleges the City of Camden is responsible for Officers Razzi's and Villegas-Diaz's actions because Officer Razzi allegedly testified "it is procedure to charge someone with unlawful possession even

without probable cause." Amendment to Complaint, Docket Entry 2, ¶ 6.[1]

**III. STANDARD OF REVIEW**

**A. Standards for a Sua Sponte Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915 because Plaintiff is a prisoner proceeding *in forma pauperis*.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also*

---

[1] Plaintiff submitted another "amendment" on March 15, 2018, Docket Entry 4, but there was nothing substantive included in the letter.

3

*United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Section 1983 Actions**

---

[2] "[T]he legal standard for dismissing a complaint for failure to state a claim . . . is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**IV. ANALYSIS**

Plaintiff raises claims of false arrest, false imprisonment, malicious prosecution, and battery.

**A. False Arrest and Imprisonment**

"The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause." *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 913 (2017). "To state a

5

claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *O'Connor v. City of Phila.*, 233 F. App'x 161, 164 (3d Cir. 2007) (internal quotation marks and citation omitted).

Plaintiff has not provided enough facts for this Court to reasonably infer that his false arrest and false imprisonment claims are facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court will therefore dismiss these claims for failure to state a claim. Plaintiff may move to amend his complaint if he can

provide sufficient facts regarding the circumstances of the arrest that would enable the Court to reasonably infer the officers lacked probable cause to arrest Plaintiff.

**B. Malicious Prosecution**

To the extent Plaintiff's complaint could be construed as raising a malicious prosecution claim, he has also failed to state a claim. For a malicious prosecution claim, Plaintiff must plead facts indicating "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Kossler v. Crisanti*, 564 F.3d 181. 186 (3d Cir. 2009) (en banc) (internal quotation marks omitted).

Here, Plaintiff has not pled facts indicating the criminal proceeding ended in his favor. He has therefore failed to state a malicious prosecution claim.

**C. City of Camden**[3]

"A municipality or other local government may be liable under [§ 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 692 (1978)). A municipality cannot be constitutionally liable under the doctrine of respondeat superior. *Id.* "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 60–61 (quoting *Monell*, 436 U.S. at 691). "In either instance, 'a plaintiff must show that an official who has the

---

[3] The Court includes the Camden Police Department in this analysis, as the police department is just a department of the City's government, not an entity that can sue or be sued in its own right. *See* N.J. STAT. ANN. § 40A:14-118 (municipal police department is "an executive and enforcement function of municipal government"); *Woodyard v. Cty. of Essex*, 514 F. App'x 177, 181 (3d Cir. 2013) ("[A] municipal police department is not an entity separate from the municipality[.]"); *Padilla v. Twp. of Cherry Hill*, 110 F. Appx. 272, 278 (3d Cir. 2004) ("In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." (internal citations omitted)).

power to make policy is responsible for either the affirmative proclamation of policy or [an] acquiescence in a well-settled custom.'" *Estate of Massey v. City of Philadelphia*, 118 F. Supp. 3d 679, 696 (E.D. Pa. 2015) (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (alteration in original)).

Plaintiff has failed to sufficiently allege Camden's municipal liability. A policy "to charge someone with unlawful possession even without probable cause" would "require[] only one application of a policy . . . to satisfy fully *Monell*'s requirement that a municipal corporation be held liable only for constitutional violations resulting from the municipality's official policy." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 822 (1985). "However, proof of the mere existence of an unlawful policy or custom is not enough to maintain a § 1983 action. A plaintiff bears the additional burden of proving that the municipal practice was the proximate cause of the injuries suffered." *Bielevicz*, 915 F.2d at 850. Plaintiff has not provided the Court with enough facts about his arrest for the Court to reasonably infer that the alleged policy was the "moving force" behind Plaintiff's injuries.

**D. State Law Battery**

As all of the federal claims are being dismissed, the Court declines to exercise supplemental jurisdiction over the state law battery claim against Officer Razzi.[4] 28 U.S.C. § 1367(c)(3).

**E. Leave to Amend**

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). As Plaintiff may be able to provide facts supporting his allegations, he may move to amend his complaint within 30 days of this Opinion and Order.

Plaintiff should note that when a second amended complaint is filed, the complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). The second amended complaint may adopt some or all of the allegations in the complaint, but the identification of the

---

[4] In the event Plaintiff elects to amend his complaint, he should be aware of the statute of limitations for battery claims. N.J. STAT. ANN. § 2A:14-2(a). The alleged battery occurred on October 30, 2013. Plaintiff therefore had until October 30, 2015 to file a tort claim against Officer Razzi. Plaintiff should provide any argument for equitable tolling if he elects to file an amended complaint.

particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file a second amended complaint that is complete in itself. *Id.*

**V. CONCLUSION**

For the reasons stated above, the complaint is dismissed without prejudice. Plaintiff may move to amend his complaint within 30 days.

An appropriate order follows.


**April 9, 2018**                       **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                                  U.S. District Judge